# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

NICHOLAS GARCIA VEGA,

    Plaintiff,

v.

TRACY JOHNS,

    Defendant.

CIVIL ACTION NO.: 5:18-cv-88

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action while incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in order to challenge certain conditions of his confinement. Doc. 1. For the reasons below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

Plaintiff seeks relief for an injury he sustained while working in the kitchen's grill room at D. Ray James Correctional Facility. Doc. 1 at 4–8. Plaintiff alleges that at around 5:00 a.m. on July 12, 2018, he was making biscuits and another worker instructed him to check on a pot containing hot butter. Id. When Plaintiff did so, he saw that the butter pot was on fire. Id. Plaintiff then threw water "into the pot to avoid the fire." Id. The butter "immediately"

---

[1] During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

exploded, covering Plaintiff's face with hot butter. Id. Plaintiff suffered burns on his face, eyes, head, and arms. Id.

Plaintiff did not receive medical attention immediately. Id. He was not allowed to go to medical until around 8:30 a.m., after breakfast was prepared. Id. He writes that the nurse "cured" his injuries, but the prison sent him to see a specialist for the burns on his eyes. Id. He contends that his vision in his left eye will continue to degrade. Id. He also still has "marks" on his face, arms, and head. Id.

Additionally, Plaintiff alleges that he did not "receive an education program about how to handle food and . . . kitchen tools." Id. However, after he was injured, kitchen workers received a training program on handling "kitchen implements." Id. He also writes that, "[d]ue to this incident, one of the institution supervisor[s] was fired." Id. As relief, Plaintiff seeks $500,000 in damages for the injury to his eyes, his sight, and his body. Id.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other

things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse

mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

I. **Plaintiff's Bivens Claim**

"Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001); F.D.I.C. v. Meyer, 510 U.S. 471, 473 (1994); Bivens, 403 U.S. at 388.

A. **Supervisory Liability**

In a Bivens action, proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. Meyer, 510 U.S. at 485–86. Generally, "supervisory officials are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003); see also Fulwood v. Fed. Bureau of Prisons, 568 F. App'x 753, 756 (11th Cir. 2014). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (quoting Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 802 (11th Cir. 1998)). Rather:

> [t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

4

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011); Martinez v. Minnis, 257 F. App'x 261, 266 (11th Cir. 2007).

Plaintiff brings his Bivens claim against only one Defendant—Warden Tracy Johns. Doc. 1 at 2–3. Plaintiff does not allege in his Complaint any personal involvement on behalf of Defendant Johns. Though Plaintiff contends he did not receive any training before prison staff assigned him to work in the kitchen and the prison provided this training to inmates after Plaintiff's injury, Plaintiff does not claim that the existence of a custom or policy resulted in the constitutional violation for which he seeks relief. Moreover, he pleads no facts which would support an inference that Defendant Johns directed or knowingly failed to prevent any unlawful act, nor does he allege, with any specificity, a history of widespread abuse. Thus, Plaintiff cannot sustain a Bivens action against Defendant Johns, the only named Defendant. I, therefore, **RECOMMEND** the Court **DISMISS** Plaintiff's Bivens claim.

B.  **Claims Against D. Ray James Employees**

In addition, the Court also notes that the United States Supreme Court has held that a federal prisoner cannot sustain a Bivens action against employees of a privately-operated federal prison if there is an adequate alternative damages action under state law. Minneci v. Pollard, 565 U.S. 118 (2012); Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008). This is because "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Minneci, 565 U.S. at 126 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007)).

"D. Ray James Correctional Facility is a private entity that operates under a contract with the Bureau of Prisons." Scotton v. Johns, No. 5:16-cv-40, 2017 WL 125039, at *5 (S.D. Ga. Jan. 12, 2017); Sabroso v. James, No. 5:16-cv-13, 2016 WL 3017245, at *2 (S.D. Ga. Apr. 28, 2016);

Robles v. Bureau of Prisons, No. 5:11-cv-120, 2012 WL 488080, at *3 (S.D. Ga. Jan. 23, 2012). "The employees of D. Ray James are employees of [t]he GEO Group, Inc., a private entity." Scotton, 2017 WL 125039, at *5; Sabroso, 2016 WL 3017245, at *2; Robles, 2012 WL 488080, at *3. Thus, to the extent that Plaintiff has an adequate remedy under state law, his Bivens claim would be due to be dismissed on these grounds.

Plaintiff may have another, alternative remedy through which he could obtain the relief he seeks in this action. Although not a state law action, Plaintiff may be able to pursue compensation for his work-related injury under a federal statute: the Inmate Accident Compensation Act ("IACA").[2] See 18 U.S.C. § 4126; 28 C.F.R. § 301.101 *et seq.* (containing the regulations supporting the IACA, which are often referred to as the Inmate Accident Compensation Program ("IACP")); United States v. Demko, 385 U.S. 149, 152 (1966); Wooten v. United States, 437 F.2d 79, 79 (5th Cir. 1971). However, because the Court dismisses Plaintiff's claims on other grounds, it is not necessary to address whether the IACA and IACP constitute an "'alternative, existing process' capable of protecting the constitutional interests at stake." Minneci, 565 U.S. at 125–36 (quoting Wilkie v. Robbins, 551 U.S. 537, 550 (2007)).[3]

---

[2] By statute, the Federal Prison Industries Fund compensates "inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The administrative regulations which support the IACA, 28 C.F.R. § 301.101 *et seq.*, are often referred to as the Inmate Accident Compensation Program ("IACP"). See Johnson v. Stanley, No. 2:17-cv-91, 2018 WL 1830731, at *2 n.4 (S.D. Ga. Apr. 17, 2018).

[3] Plaintiff's claim may also be subject to challenge for failure to exhaust all administrative remedies, as Plaintiff concedes that he did not utilize the grievance process. Doc. 1 at 7. Plaintiff argues that, under McCarthy v. Madigan, 503 U.S. 140 (1992), he is not required to exhaust all administrative remedies in this Bivens action. Doc. 6 at 3–5. However, "McCarthy was superseded in 1995 when Congress passed the Prison Litigation Reform Act ("PLRA") . . . ." Hilton v. Guia, No. 2:17-cv-95, 2018 WL 2210583, at *1 (S.D. Ga. May 11, 2018); see also Woodford v. Ngo, 548 U.S. 81, 84 (2006) ("The PLRA strengthened [the] exhaustion provision . . . . [A] prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process.").

**CONCLUSION**

After a thorough and careful review of the docket, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of July, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA